# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

LEON BUD HOTCHKISS,                      :

       Petitioner,                      :

vs.                                      : Civil Action No. 1:17-cv-00019-WS-C

PHYLLIS BILLUPS,                         :

       Respondent.                      :

## <u>REPORT AND RECOMMENDATION</u>

Petitioner Leon Bud Hotchkiss, an Alabama prisoner who proceeds *pro se*, has filed a petition that seeks habeas corpus relief under 28 U.S.C. § 2254 ("2254 petition").  (Docs. 5, 7 & 18).  The 2254 petition, which has been fully briefed and is ripe for adjudication, has been referred to the undersigned Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b); Rule 72, Federal Rules of Civil Procedure (hereinafter, "FRCP" followed by the Rule number); and S.D. Ala. Gen. L.R. 72(a)(2)(R). Based upon a thorough review of the amended 2254 petition, the briefs and supporting materials, the undersigned finds an evidentiary hearing is not warranted[1] and the amended 2254 petition is due to be denied.  Accordingly,

---

[1] Because Hotchkiss filed his federal habeas petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). "AEDPA expressly limits the extent to which hearings are permissible, not merely the extent to which they are required." *Kelley v. Sec'y for Dep't of Corrs.*, 377 F.3d 1317, 1337 (11th Cir. 2004).  Hotchkiss has failed to establish an evidentiary hearing is warranted in this case. *See Birt v. Montgomery*, 725 F.2d 587, 591 (11th

it is recommended Hotchkiss' 2254 petition be denied in its entirety and judgment be entered in favor of Respondent and against Petitioner, Leon Bud Hotchkiss, and if Hotchkiss seeks the issuance of a certificate of appealability, his request be denied, along with any request to appeal *in forma pauperis*.

## PROCEDURAL BACKGROUND

Hotchkiss was indicted by the Baldwin County Grand Jury on February 10, 2012, for one count of trafficking in marijuana in violation of Section 13A-12-231 of the Code of Alabama and one count of unlawful use or possession with intent to use drug paraphernalia in violation of Section 13A-12-260(c) of the Code of Alabama.  (Doc. 13-1, at 10-11).  On October 26, 2012, Hotchkiss filed a Motion to Suppress with the trial court, in which he argued that he did not knowingly and voluntarily give his consent to a search of his residence and the consent obtained amounted to "mere submission" to authority.  (Doc. 13-1, at 40-41).  On November 13, 2012, at the hearing on Hotchkiss' Motion to Suppress, the trial court denied his motion. Subsequently, Hotchkiss plead guilty to trafficking in marijuana and use or possession with intent to use drug paraphernalia, and he reserved his right to appeal the issue raised in his Motion to Suppress.  (Doc. 13-1, at 48-51, 59, & 77-150; Doc. 13-2, at 3).  On January 22, 2013, the trial court sentenced Hotchkiss to concurrent terms of forty (40) years for his trafficking in

---

Cir. 1984) (en banc) ("The burden is on the petitioner . . . to establish the need for an evidentiary hearing.").

marijuana conviction and one (1) year for his use or possession with intent to use drug paraphernalia conviction.  (Doc. 13-1, at 60-65).

On June 14, 2013, Hotchkiss filed an appeal of his sentences and convictions with the Alabama Court of Criminal Appeals, (Doc. 13-2, at 1-13), which affirmed the trial court's decision to deny his Motion to Suppress, (Doc. 13-4, at 1-6).  On March 24, 2014, Hotchkiss filed his application for rehearing with the Alabama Court of Criminal Appeals, (Doc. 13-5, 1-16), which was overruled on September 2, 2016, (Doc. 13-6).  Hotchkiss filed with the Alabama Supreme Court his writ of *certiorari* on April 16, 2014, (Doc. 13-7, 1-19), which was denied on June 6, 2014, and a certificate of judgment was issued on the same date, (Doc. 13-8).

On January 23, 2015, Hotchkiss filed a habeas petition with the United States District Court for the Southern District of Alabama, (Doc. 13-9, 1-14), but then filed a motion to withdraw his habeas petition to pursue his unexhausted state remedies, (Doc. 13-11).  The Southern District of Alabama dismissed without prejudice Hotchkiss' habeas petition on April 28, 2015. (Doc. 13-12).

On May 18, 2015, Hotchkiss filed his Petition for Relief from Conviction or Sentence (Pursuant to Rule 32, Alabama Rules of Criminal Procedure) ("Rule 32 petition"), in which he argued his plea agreement was breached, his plea was involuntary, his arrest was illegal, the officers who searched his property violated his right to privacy, the officers who searched

his property performed an illegal search and seizure, his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966), were violated, he received ineffective assistance of counsel, and his right to due process was violated. (Doc. 13-13, at 5-32). The State of Alabama filed its response to Hotchkiss' Rule 32 petition on August 12, 2015, in which it argued his claims that his plea agreement was breached, his plea was involuntary, and he received ineffective assistance of counsel were without merit and unsupported by the facts. (Doc. 13-13, at 38-44). The State, further, argued, Hotchkiss' remaining claims were precluded because they were raised at trial or on appeal, or could have been raised at trial and on appeal. (Doc. 13-13, at 38-44). On December 15, 2015, the trial court denied Hotchkiss' Rule 32 petition for those reasons that were argued by the State. (Doc. 13-14, at 24-25). On April 5, 2016, Hotchkiss filed with the Alabama Court of Criminal Appeals his appeal of the trial court's decision to deny his Rule 32 petition. (Doc. 13-15, at 1-41). The Alabama Court of Criminal Appeals affirmed the denial of Hotchkiss' Rule 32 petition on July 1, 2016, in an unpublished memorandum. (Doc. 13-17, at 1-8). The Alabama Court of Criminal Appeals found Hotchkiss' claims that his plea agreement was breached, his plea was involuntary, and he received ineffective assistance of counsel were insufficiently pleaded pursuant to Rules 32.3 and 32.6, Alabama Rules of Criminal Procedure (hereinafter "ARCP" followed by the Rule number); his claim that his arrest was illegal was precluded under ARCP 32.2(a)(2)

because it was raised and addressed at trial; his claim that the officers who searched his property violated his right to privacy was precluded under ARCP 32.2(a)(3) because it could have been, but was not raised, at trial; his claim that the officers who searched his property performed an illegal search and seizure was precluded under ARCP 32.2(a)(2) and 32.2(a)(4) because it was raised and addressed at trial and on direct appeal; his claim that his rights pursuant to *Miranda* were violated was precluded under ARCP 32.2(a)(3) and 32.2(a)(5) because it could have been, but was not raised, at trial and on direct appeal; and his claim that his right to due process was violated was not cognizable in a ARCP 32 petition.  (Doc. 13-17, at 1-8).

On July 11, 2016, Hotchkiss filed with the Alabama Court of Criminal Appeals his Motion for a Rehearing in regard to its decision on his Rule 32 petition appeal.  (Doc. 13-18, at 1-5).  Additionally, on August 31, 2016, Hotchkiss filed his Motion to Request to File a Brief and an Amendment to a Rule 32.  (Doc. 13-19, at 1-3).  On September 2, 2016, the Alabama Court of Criminal Appeals overruled Hotchkiss' Motion for a Rehearing, (Doc. 13-20). After no petition for certiorari review was filed with the Alabama Supreme Court within fourteen days of September 2, 2016, the Alabama Court of Criminal Appeals issued its certificate of judgment on September 21, 2016. (Doc. 13-21).

On February 13, 2017, Hotchkiss filed with the Alabama Court of Criminal Appeals his Appellant's Motion for Suspension of the Rules under

Rule 2 Ala. R. App. P. for Good Cause Shown ("motion for suspension of the Rules"), in which he claimed he timely filed, on September 10, 2016, a petition for writ of certiorari when he placed a copy of the petition in the prison legal mail box. (Doc. 13-22, at 1-8). The Alabama Court of Criminal Appeals denied Hotchkiss' motion for suspension of the Rules on February 17, 2017. (Doc. 13-23). On February 22, 2017, Hotchkiss filed with the Alabama Supreme Court his Appellant's Motion for Suspension of the Rules under Rule 2, Ala. R. App. P., for good Cause Shown ("motion for suspension of the Rules under Rule 2"), in which he made the same claims from his motion for suspension of the Rules that was filed with the Alabama Court of Criminal Appeals. (Doc. 13-24, at 1-7). The Alabama Supreme Court entered a show cause order for Hotchkiss to submit evidentiary support and authority by which the Alabama Supreme Court could grant his request. (Doc. 13-25). The Alabama Supreme Court denied Hotchkiss' motion for suspension of the Rules on April 14, 2017, because it was not presented with proof that his petition for writ of certiorari was timely filed. (Doc. 13-26).

On December 12, 2016, Hotchkiss filed an application for habeas corpus, pursuant to 28 U.S.C. § 2254, with the United States District Court for the Middle District of Alabama, in which he argued his plea was involuntary, the officers who searched his property performed an illegal search and seizure, his arrest was illegal, and he received ineffective

assistance of counsel.[2]  (Doc. 5, at 1 & 3-14).  The Middle District of Alabama transferred the application to the Southern District of Alabama on January 11, 2017, pursuant to 28 U.S.C. § 2241(d) since he challenged a conviction and sentence that were imposed by the Baldwin County Circuit Court.  (Doc. 5, at 1-2 & 15-18).

On January 25, 2017, Hotchkiss was ordered to refile his application for habeas corpus, pursuant to 28 U.S.C. § 2254, on this Court's form.  (Doc. 6, at 1).  Hotchkiss was informed that his new petition would supersede the original petition.  (Doc. 6, at 1).  Hotchkiss filed his instant 2254 petition on February 28, 2017, (Doc. 7-2, at 25), *see Adams v. United States*, 173 F. 3d 1339, 1341 (11th Cir. 1999) ("A *pro se* prisoner's notice of appeal is considered to be filed on the date that the prisoner delivers the notice to the prison authorities for mailing."), in which he argues (1) the officers who searched his property violated his right to privacy, (2) his rights pursuant to *Miranda* were violated, (3) his arrest was illegal, (4) his conviction was obtained by use of evidence gained pursuant to an illegal search and seizure, (5) his right to due process was violated, (6) his plea was involuntary, (7) his plea agreement was breached, (8) he received ineffective assistance of trial counsel, and (9) he

---

[2] Hotchkiss was represented by two lawyers at the trial level.  He claims that the first lawyer abandoned him and the second lawyer "never discussed anything with Defendant."  He also claims that both lawyers let a plea agreement to a 15-year sentence "get away."  He also complained that the attorney appointed to represent him on appeal only contacted him one time after Hotchkiss complained to the Alabama State Bar. (Doc. 5 at 8.).

received ineffective assistance of appellate counsel.  (Doc. 7, at 1-23; ; Doc. 7-1, at 1-57).

In support of his ineffective assistance of counsel claims raised in the amended petition (Claims 8 & 9 above), Hotchkiss alleges that his first lawyer, Mr. Michael Pylant, failed to make a meaningful attempt to inform him of a written plea offer before it expired, failed to notify the court of his willingness to accept a plea offer to a 15-year sentence within the offer window and abandoned him during plea negotiations.  (Doc. 7-1, at 47).  James May was then retained by Hotchkiss to take over from Pylant but also failed to provide effective assistance.  His failings are described as allowing a plea agreement to a 15-year sentence "get away" knowing that Hotchkiss was willing to enter into such an agreement, filing a motion to suppress without consulting his client, failing to notify the District Attorney or the Court that he would accept a plea agreement to a 15-year sentence before the plea offer was withdrawn, expired or was rejected by the court, and failing to enforce the agreement to which Hotchkiss was willing to accept during the guilty plea proceedings.  (*Id.*, at 47-49).

Mr. James Piggot was appointed to represent Hotchkiss on appeal. Petitioner alleges that Piggot was ineffective on appeal because he failed to contact the Petitioner until after his appeal was resolved unfavorably and that he failed to raise on direct appeal claims of ineffective assistance of trial counsel. (*Id.*, at 55-56).

## DISCUSSION

### A.     Untimely Claims

The Court must, first, determine whether all the claims in Hotchkiss'

latest 2254 petition (Doc. 7), that he was ordered to file, were timely filed and

not barred by the one-year statute of limitations. In this particular case, the

undersigned required Hotchkiss to refile his petition on a form complaint

utilized in this District and gave him that opportunity during a period of time

that exceeded one year from the time his conviction became final.  (See Doc.

6, "Petitioner, therefore, is ORDERED by March 1, 2017, to complete and file

this Court's form for a petition under 28 U.S.C. § 2254, see S.D. Ala. CivLR

9(b); Rule 2(c) of the Federal Rules Governing Section 2254 Cases, and for a

motion to proceed without prepayment of fees, see S.D. Ala. CivLR 9(b).").  As

ordered, Hotchkiss filed a second petition on this Court's form on February

28, 2017, a date that was timely pursuant to the Court's order.  However,

because this filing date is outside the one-year period allowed for filing the

habeas petition and because Hotchkiss added new claims to his amended

petition, it is necessary to determine which claims in the amended petition

have been timely filed.

Hotchkiss' direct appeal of his conviction and sentence by the Baldwin

County Circuit Court became final when the Alabama Supreme Court issued

on June 6, 2014, its certificate of judgment. (Doc. 13-8)  From that date,

Hotchkiss had 90 days to file a petition for writ of certiorari with the United

States Supreme Court, *see* Sup. Ct. R. 13 ("Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment.").  He did not file a petition for certiorari in the Supreme Court of the United States, so he had one year from the expiration of the ninety-day (90) period to file with the Supreme Court his writ of certiorari, *see Jackson v. Sec'y for Dep't of Corr.*, 292 F.3d 1347, 1348 (11th Cir. 2002) ("[A] federal prisoner's direct appeal does not become final until the expiration of the extra 90 days in which he could have filed for a writ of *certiorari* to the Supreme Court of the United States.") to file in this Court a petition for habeas relief, which would have been September 4, 2015.

Prior to September 4, 2015 Hotchkiss tolled the running of the one-year limitations period imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") when he filed in the trial court his Rule 32 petition, *see* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."), on May 18, 2015, which was 256 days after September 4, 2014, (Doc. 13-13, at 5-32), and that period did not continue to run until September 21, 2016, when the Alabama Court of Criminal Appeals issued its certificate of judgment affirming the trial court's

denial of Hotchkiss' Rule 32 petition, (Doc. 13-21), leaving him with 109 days to file his federal petition by January 8, 2017. Thus, the first filing of the petition in the Middle District of Alabama on December 12, 2016 was within that one-year period but the amended petition, filed February 28, 2017 in the Southern District of Alabama was not.

It does not appear to be disputed that the same claims raised in both petitions will be timely since they were originally filed on December 12, 2016 in the United States District Court for the Middle District of Alabama. If any of the additional claims raised by Hotchkiss in the amended 2254 petition do not relate back to the original petition, however, Respondent argues that they have been filed outside AEDPA's one-year limitation period, *see* 28 U.S.C. § 2244(d)(1).

Under these circumstances, the Court determines Hotchkiss' instant 2254 petition is an amended petition, since he was ordered to refile his habeas petition on this Court's form in order to have him, a *pro se* litigant, answer all of the questions that this Court has determined to be important pursuant to the Local Rules. Even so, any new claims raised in the amended petition that do not relate back under Rule 15(c), Federal Rules of Civil Procedure ("FRCP") are barred as untimely filed.

FRCP 15(c) provides "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set

forth or attempted to be set forth in the original pleading." As recognized by the Supreme Court, the keys words to be interpreted in this Rule are "conduct, transaction, or occurrence." *Mayle v. Felix*, 125 S.Ct. 2562, 2570, 545 U.S. 644, 656 (U.S., 2005). After considering these terms and the nature of habeas proceedings, the Supreme Court concluded that "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Id*. at 125 S.Ct. 2574, 545 U.S. 664 (footnote omitted). Accordingly, in order for any new claims presented by Hotchkiss' in his amended 2254 petition to relate back, and be considered timely, they must be tied to a common core of operative facts. See also *Davenport v. U.S.*, 217 F.3d 1341, 1344 (11th Cir. 2000) ("[I]n order to relate back, the untimely claim must have arisen from the same set of facts as the timely filed claim, not from separate conduct or a separate occurrence in both time and type.") (Internal quotation marks and citations omitted.).

In Hotchkiss' original habeas petition, he presented four distinct claims: (a) his plea was involuntary, (b) the officers who searched his property performed an illegal search and seizure, (c) his arrest was illegal, and (d) he received ineffective assistance of trial and appellate counsel. (Doc. 5, at 1 & 3-14).[3] In Hotchkiss' amended petition, Hotchkiss identifies nine claims: (1) the officers who searched his property violated his right to privacy, (2) his rights pursuant to *Miranda* were violated, (3) his arrest was illegal, (4)

---

[3] The factual basis for the claim that his appellate counsel was ineffective was that Mr. Piggot never contacted the petitioner until after the Alabama Bar Association was contacted with regard to this lack of access to appointed counsel. (Doc. 5 at 8).

evidence used to convict him was obtained through an illegal search and seizure, (5) his right to due process was violated, (6) his plea was involuntary, (7) his plea agreement was breached, (8) he received ineffective assistance from his two trial attorneys, (9) and he received ineffective assistance from his appellate counsel.  (Doc. 7, at 1-23; Doc. 7-1, at 1-57).

As to the additional claims that Hotchkiss raises in his instant 2254 petition,[4] a review of the habeas petitions leads the undersigned to conclude Hotchkiss' first additional claim that the search of his property violated his right to privacy arose out of the same "conduct, transaction, or occurrence" in his original habeas petition.  This claim is based on the same facts of how officers of the Baldwin County Task Force came on to his property without a warrant and detained himself and a worker on the property while conducting an unlawful search and seizure.  These same facts are used to support the claims in his original habeas petition that (b) the officers who searched his property performed an illegal search and seizure and (c) his arrest was illegal.  Thus, the first claim in the amended petition is found to be timely.

Hotchkiss' seventh claim in his amended petition, that his plea agreement was breeched when he was not presented with a plea offer to

---

[4] Hotchkiss' additional claims include (1) the officers who searched his property violated his right to privacy, (2) his rights pursuant to *Miranda* were violated, (5) his right to due process was violated, (7) his plea agreement was breached, and (9) his appellate counsel was ineffective because he failed to raise ineffective assistance of trial counsel on direct appeal before the Alabama Court of Criminal Appeals.  (*Compare* Doc. 5, at 3-14 *with* Doc. 7, at 1-23 & Doc. 7-1, at 1-57).

accept or deny arose out of the same "conduct, transaction, or occurrence" from his claim in his original habeas petition that (d) he received ineffective assistance of counsel when his trial counsel did not discuss the plea agreement with him and allowed it to "get away," even though he told them he would accept the plea agreement. The legal theory is different, a breach of a plea agreement instead of ineffective assistance of counsel, but the underlying facts are the same as those presented in the original petition.  It is the undersigned's opinion that the seventh claim in the amended petition is also timely filed.

However, the remaining new claims do not relate back to the original petition.  Hotchkiss' second claim in his amended petition, that his rights pursuant to *Miranda v. Arizona* were violated during the search at his home, which included his detention at gunpoint, and while he was incarcerated at the Baldwin County jail following his arrest did not arise out of any "conduct, transaction, or occurrence" that comprise his original habeas petition claims. This claim arises from factual events outside the facts plead in his original habeas petition because there is no mention of the denial of *Miranda* warnings in the original petition.  His claim that his rights pursuant to *Miranda* were violated is based on new facts found only in his amended petition:  that he immediately invoked his right to remain silent and to consult with counsel from the onset of his illegal detention; that the police continued to question, intimidate, harass, coerce, and threaten him after an

invocation of these rights; that he was under custodial interrogation from the time he arrived home and stepped out of his vehicle; that while he was being illegally detained the police did not inform him of his *Miranda* rights against self-incrimination, the right to remain silent, and the right to have an attorney present during questioning; there is not a record of him waiving his *Miranda* rights; and after he had been arrested and incarcerated for sixteen days without an appointed attorney, police agents, under the guise of an attorney visit, continued to interrogate him and attempted to gain information from him through threats and intimidation. (Compare Doc. 5 at 7-8 with Doc. 7-1 at 28-29).

Thus, it is decided that the *Miranda* claim is new and not based on a core of operative facts contained in the original petition.  Although, the facts supporting this claim are connected with his encounter with police officers, beginning at his home when it was searched and he was arrested, it includes additional facts necessary to implicate a violation of the requirements set forth by the Supreme Court in its *Miranda* decision.  Accordingly, Hotchkiss' second claim that his rights granted by *Miranda* were violated is untimely and foreclosed by the statute of limitations.

Hotchkiss' fifth claim in his amended petition, that his right to due process was violated when he was not shown his presentence report, although his attorney had seen it and, based on the attorney's conversation with Hotchkiss, believed the information contained in the report to be true, is

15

unrelated to the factual allegations contained in his original habeas petition. (Doc. 7-1 at 37-38). Although his original petition does include a claim of ineffective assistance of counsel, his only factual allegations are that his two trial attorneys did not discuss a favorable plea agreement with him and allowed it to "get away." The presentence report is not mentioned in that petition. Therefore, the fifth claim in the amended petition does not relate back to Hotchkiss' original habeas petition and is untimely pursuant to AEDPA's one-year limitations period.

The ninth claim in the amended petition is a claim that his appellate counsel was ineffective for not contacting the Petitioner until after his appeal had been resolved unfavorably and, secondly, because he failed to raise on direct appeal claims of ineffective assistance of trial counsel. (*Id*., at 55-56). The failure-to-contact claim is clearly presented in the original petition but the failure to raise ineffective assistance of trial counsel on direct appeal is new. This factual basis for his claim was not mentioned in his original petition and is therefore untimely. See *Davenport v. U.S.,* 217 F.3d 1341, 1346 (11th Cir. 2000) (The three new ineffective assistance of counsel claims raised in an amended 2255 motion were determined to be untimely under AEDPA.).

## B.   Procedurally Defaulted Claims

Of the nine claims presented by Hotchkiss' in his amended petition, only one is not procedurally defaulted:  his Fourth Amendment claim that the

officers who searched his property performed an illegal search and seizure, specifically, because he did not voluntarily consent to the search of his premises.  A review of this timely and exhausted claim is discussed in Section C below.

The remaining claims in the amended petition, including those found to be time barred as discussed above,[5] were raised in the Rule 32 motion filed by Hotchkiss in the trial court but were never presented to the Alabama Supreme Court.  Any opportunity for Hotchkiss to present these claims has passed - he no longer has an available state remedy that would afford him with an option to present these claims to the Alabama Supreme Court. Because these claims were never fully exhausted through the state courts and there no longer exists an opportunity to present them to the Alabama Supreme Court because of the state's procedural rules, they are deemed exhausted but procedurally defaulted claims.

The specific defaulted claims are: (1) the officers who searched his property violated his right to privacy, (2) his rights pursuant to *Miranda* were violated, (3) his arrest was illegal, (5) his right to due process was violated, (6) his plea was involuntary, (7) his plea agreement was breached, (8) he received ineffective assistance from his two trial attorneys, (9) and he

---

[5] The second (violation of *Miranda*), fifth (due process) and a part of the ninth (ineffective assistance) claims of the amended petition are not only time barred by the statute of limitations but are unexhausted as well.

received ineffective assistance from his appellate counsel.  (Doc. 7, at 1-23; Doc. 7-1, at 1-57).

### 1.  Exhaustion and Procedural Default Doctrines.

State prisoners are required to exhaust their state remedies prior to challenging a conviction in a habeas petition filed in federal court.  See 28 U.S.C. § 2254(b)(1) and (c).  *Woodford v Ngo,* 548 U.S. 81, 92, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).  Thus, the rule in the Eleventh Circuit is as follows:

> Generally, a habeas corpus petitioner cannot raise a claim in federal court if he did not first exhaust the claim in state court. 28 U.S.C. § 2254(b)(1)(A); *Kelley v. Sec'y for the Dep't of Corr.*, 377 F.3d 1317, 1343 (11th Cir. 2004).  A federal claim is exhausted only if fairly presented to the state courts.  *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005) (citing *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 512, 30 L. Ed. 2d 438 (1971)).  A petitioner has not fairly presented his claim to the state court if such claim is presented for the first and only time in a procedural context where the merits are not considered. *Castille v. Peoples*, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060, 103 L. Ed. 2d 380 (1989).

*Cargile v. Sec'y Dep't of Corr.*, 349 Fed. App'x 505, 507 (11th Cir. 2009). [6] Pursuant to this doctrine of exhaustion, "a state prisoner [must] present his claims to the state's highest court, even if review is discretionary, when such review is part of the ordinary appellate review procedure." *Price v. Warden, Attorney General of Alabama*, 701 Fed.Appx. 748, 749 (11th Cir.  2017)(citing

---

[6] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11th Cir. R. 36-2 (effective Dec. 1, 2014); *see also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999)).

> In an Alabama state habeas proceeding, a complete round of the state's established appellate review process includes an appeal to the Alabama Court of Criminal Appeals and a petition for discretionary review in the Alabama Supreme Court. *See Pruitt v. Jones*, 348 F.3d 1355, 1358-59 (11th Cir. 2003); ALA. R. CRIM. P. 32.10(a). … We previously stated that in the context of an Alabama prisoner seeking to challenge a parole-revocation proceeding, a petitioner properly exhausts state remedies by: (1) filing a petition for *certiorari* in state circuit court; (2) appealing the denial of that petition to the Alabama Court of Criminal Appeals; (3) petitioning the Alabama Court of Criminal Appeals for rehearing; and (4) seeking discretionary review in the Alabama Supreme Court. *Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004).

*Price,* 701 Fed.Appx. at 749-750.

With regard to the appeal of the denial of relief on his post-conviction petition, the record in this action does not include a timely filed petition for certiorari before the Alabama Supreme Court. After the Alabama Court of Appeals ruled against the petitioner's appeal of the trial court's denial of his Rule 32 Petition (Doc. 13-19 at 1) and then overruled his petition for rehearing (Doc. 13-20 at 1), the time for filing a petition for *certiorari* passed without Hotchkiss presenting a petition to authorities for filing. He did seek a suspension of the Alabama Rules of Appellate Procedure from the Alabama Court of Criminal Appeals and the Supreme Court (Docs. 13-22 and 13-24) but was unable to provide those courts with evidence of his attempt to file a timely petition. (Docs. 13-23 and 13-25). Because Hotchkiss did not exhaust these claims by seeking review of the Supreme Court of Alabama and the

time for seeking that review has long passed, these claims are procedurally defaulted. *O'Sullivan,* 526 U.S. at 848 ("[Petitioner's] failure to present three of his federal habeas claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims), *citing Coleman v. Thompson,* 501 U.S. 722, 731–32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Engle v. Isaac,* 456 U.S. 107, 125–26, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).

### 2.   Hotchkiss has Not Demonstrated Cause and Prejudice.

"[B]efore a federal habeas court may consider the merits of a procedurally defaulted claim, a petitioner "must demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Philmore v. McNeil,* 575 F.3d 1251, 2009 WL 2181682, * 12 (11th Cir., July 23, 2009).

> A claim is procedurally defaulted if it has not been exhausted in state court and would now be barred under state procedural rules. *Judd v. Haley,* 250 F.3d 1308, 1313 (11th Cir.2001). A procedurally defaulted claim can support federal habeas relief in only two narrow situations. First, the petitioner may demonstrate cause and prejudice. Cause exists if there was "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). Such external impediments include evidence that could not reasonably have been discovered in time to comply with the rule; interference by state officials that made compliance impossible; and ineffective assistance of counsel at a stage where the petitioner had a right to counsel. *Id.* In addition to cause, the petitioner must also show prejudice: that "there is at least a reasonable probability that the result of the proceeding would have been different" had the constitutional

> violation not occurred. *Henderson v. Campbell,* 353 F.3d 880,
> 892 (11th Cir.2003).

*Mize v. Hall,* 532 F.3d 1184, 1190 (11th Cir.2008).

In Hotchkiss' situation, even if he has tried to establish cause for not filing a timely petition for *certiorari* by including the statement that he did file a petition for *certiorari* with the Alabama Supreme Court, he has not attempted to show prejudice.  He has not provided the Court with the contents of the petition that he says was filed nor has he attempted to make a showing that there is a reasonable probability that the result of his criminal proceeding would have been different had the alleged constitutional violations not occurred.  Such a showing would be difficult given that his conviction was based on a guilty plea and the fact that throughout his amended petition, he presents the claim that he should have been allowed to plead to a reduced sentence of 15 years, a position that provides more evidence that he is guilty of the charged offenses.

Accordingly, it is determined that Hotchkiss has not shown cause and prejudice for his procedural default by not raising the claims listed above to the Alabama Supreme Court in a *certiorari* petition.

### 3.  Hotchkiss has Not Demonstrated Actual Innocence.

It is also clear that a federal court can consider the merits of untimely and/or procedurally barred claims if the petitioner establishes that he is factually innocent of the crime for which he was convicted. *See San Martin v. McNeil,* 633 F.3d 1257, 1268 (11th Cir.) ("The actual innocence exception is

'exceedingly narrow in scope,' and the petitioner must demonstrate that he is factually innocent rather than legally innocent."), *cert. denied sub nom. San Martin v. Tucker,* ___ U.S. ___, 132 S.Ct. 158, 181 L.Ed.2d 73 (2011). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin v. Perkins,* 133 S.Ct. 1924, 1928 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 329 (1995)).

As discussed previously, Hotchkiss pleaded guilty on November 13, 2012 to trafficking in marijuana and use or possession with intent to use drug paraphernalia while represented by James May, and he reserved his right to appeal the issue raised in his Motion to Suppress.  (Doc. 13-1, at 48-51, 59, & 77-150; Doc. 13-2, at 3).  He has not presented, or even alleged, the existence of new evidence of such a caliber demanded by *McQuiggin* and *Schulp*.  As such, Hotchkiss' claim, if he has one, of actual innocence would fail.

## C.   Federal Habeas Corpus Relief Unavailable for Fourth Amendment Claim

Hotchkiss' timely claim that the officers who searched his property performed an illegal search and seizure, specifically, he did not voluntarily consent to the search of his premises, meets the exhaustion requirement and is not procedurally defaulted.  Hotchkiss' trial counsel filed with the trial court his Motion to Suppress, in which he argued Hotchkiss' "residence was

searched without a warrant, in violation of Article I, Section Five of the Constitution of Alabama of 1901 and the Fourth Amendment to the Constitution of the United States." (Doc. 13-1, at 40) (emphasis deleted). After a hearing, the trial court denied Hotchkiss' Motion to Suppress, (Doc. 13-1, at 59 & 77-150), a decision he appealed to the Alabama Court of Criminal Appeals, (Doc. 13-2, at 1-13), through his appointed counsel, (Doc. 13-1, at 154). In Hotchkiss' appellate brief, he argued the trial court erred when it denied his Motion to Suppress because his "consent to search . . . was not voluntarily or freely given." (Doc. 13-2, at 3). The Alabama Court of Criminal Appeals affirmed the trial court's decision and concluded Hotchkiss' consent was voluntary for the officers to search his premises. (Doc. 13-4, at 1-6). The Alabama Court of Criminal Appeals overruled, (Doc. 13-6, at 272), Hotchkiss' application for rehearing, (Doc. 13-5, at 256-71), in which Hotchkiss challenged the search and seizure at his premises as well as claimed ineffective assistance by his trial counsel. The Alabama Supreme Court denied Hotchkiss' petition for *certiorari*, without opinion. (Docs. 13-7, at 1-19 and 13-8 at 1).

This claim, that the officers who searched his property performed an illegal search and seizure, specifically, he did not voluntarily consent to the search of his premises is a claim based on the Fourth Amendment.[7] The

---

[7]     The Fourth Amendment assures the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." The Amendment was

primarily a reaction to the evils associated with the use of the general warrant in England and the writs of assistance in the Colonies, *Stanford v. Texas*, 379 U.S. 476, 481-485, 85 S. Ct. 506, 509-11, 13 L. Ed. 2d 431 (1965); *Frank v. Maryland*, 359 U.S. 360, 363-365, 79 S. Ct. 804, 807-808, 3 L. Ed. 2d 877 (1959), and was intended to protect the "sanctity of a man's home and the privacies of life," *Boyd v. United States*, 116 U.S. 616, 630, 6 S. Ct. 524, 532, 29 L. Ed. 746 (1886), from searches under unchecked general authority.

The exclusionary rule was a judicially created means of effectuating the rights secured by the Fourth Amendment.  Prior to the Court's decisions in *Weeks v. United States*, 232 U.S. 383, 34 S. Ct. 341, 58 L. Ed. 652 (1914), and *Gouled v. United States*, 255 U.S. 298, 41 S. Ct. 261, 65 L. Ed. 647 (1921), there existed no barrier to the introduction in criminal trials of evidence obtained in violation of the Amendment.  *See Adams v. New York*, 192 U.S. 585, 24 S. Ct. 371, 48 L. Ed. 575 (1904).  In *Weeks* the Court held that the defendant could petition before trial for the return of property secured through an illegal search or seizure conducted by federal authorities.  In *Gouled* the Court held broadly that such evidence could not be introduced in a federal prosecution.  *See Warden v. Hayden*, 387 U.S. 294, 304-305, 87 S. Ct. 1642, 1648-1649, 18 L. Ed. 2d 782 (1967).  *See also Silverthorne Lumber Co. v. United States*, 251 U.S. 385, 40 S. Ct. 182, 64 L. Ed. 319 (1920) (fruits of illegally seized evidence).  Thirty-five years after *Weeks* the Court held in *Wolf v. Colorado*, 338 U.S. 25, 69 S. Ct. 1359, 93 L. Ed. 1782 (1949), that the right to be free from arbitrary intrusion by the police that is protected by the Fourth Amendment is "implicit in 'the concept of ordered liberty' and as such enforceable against the States through the (Fourteenth Amendment) Due Process Clause."  *Id.*, at 27-28, 69 S. Ct. at 1361.  The Court concluded, however, that the *Weeks* Exclusionary rule would not be imposed upon the States as "an essential ingredient of (that) right."  338 U.S., at 29 69 S. Ct. at 1362.  The full force of *Wolf* was eroded in subsequence decisions*, see Elkins v. United States*, 364 U.S. 206, 80 S. Ct. 1437, 4 L. Ed. 2d 1669 (1960); *Rea v. United States*, 350 U.S. 214, 76 S. Ct. 292, 100 L. Ed. 233 (1956), and a little more than a decade later the exclusionary rule was held applicable to the States in *Mapp v. Ohio*, 367 U.S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081 (1961).

*Stone v. Powell*, 428 U.S. 465, 482-83 (internal footnotes omitted).

Supreme Court has specifically decided that under certain circumstances, these types of habeas claims are unavailable to state prisoners.  "Where the state has provided an opportunity for full and fair litigation of a Fourth Amendment Claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 482, 96 S. Ct. 3037, 3046, 49 L. Ed. 2d 1067 (1976). Hotchkiss' remaining claim was fully and fairly litigated in the trial court and subjected to appellate review in the Alabama Court of Criminal Appeals and the Alabama Supreme Court.  Accordingly, Hotchkiss is precluded from raising, in his amended 2254 petition, any claim that the officers obtained evidence used to convict him through an illegal search and seizure of his home or premises.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability.  28 U.S.C. § 2253(c)(1).  A certificate of appealability may issue only where "the

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2).

Where a habeas petition is being denied on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Hotchkiss has not shown he was denied his constitutional right to the effective assistance of counsel because he has not offered evidence, other than bare allegations, to support his claim.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v.*

*Patterson,* CA 11-00165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States,* Civil Action No. 11-0113-KD-C, 2011 WL 3241817, at *20 (S.D. Ala. Jun. 28, 2011) (providing for the same procedure), *report and recommendation adopted,* 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D. Fla. Oct. 5, 2010).

## CONCLUSION

Based on the foregoing analysis, the undersigned **RECOMMENDS** that Hotchkiss amended habeas petition (Docs. 7 & 18) be **DISMISSED with prejudice** because:

      a.  Claim 4 is unavailable to Hotchkiss based on the clear record that the State of Alabama provided him with an opportunity for full and fair litigation of his Fourth Amendment Claim;

      b.  Claims 2, 5 and 9 are both time-barred and procedurally defaulted; and

      c.  Claims 1, 3, 6, 7 and 8, though timely filed, are procedurally defaulted.

It is also recommended that Hotchkiss not be granted a certificate of appealability, and, therefore, he is not entitled to appeal *in forma pauperis.*

27

## <u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the 16th day of May 2019.

  s/WILLIAM E. CASSADY           
**UNITED STATES MAGISTRATE JUDGE**